14-1800
*Li v. Lynch*

BIA
Vomacka, IJ
A099 531 331

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of June, two thousand fifteen.

PRESENT:
>       DENNIS JACOBS,
>       PETER W. HALL,
>       RAYMOND J. LOHIER, JR.,
>               *Circuit Judges.*

_____

LING LI, AKA LI LING,
>       *Petitioner,*

>       v.                                    14-1800
>                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
>       *Respondent.*

_____

**FOR PETITIONER:**          Jan Potemkin, New York, New York.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Leslie McKay, Assistant Director; Sara J. Bayram, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ling Li, a native and citizen of the People's Republic of China, seeks review of a May 6, 2014, decision of the BIA affirming an August 29, 2012, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ling Li,* No. A099 531 331 (B.I.A. May 6, 2014), *aff'g* No. A099 531 331 (Immig. Ct. N.Y. City Aug. 29, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d

2

Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the REAL ID Act, such as Li's, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We "defer to an IJ's credibility finding unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's adverse credibility determination, which was based on inconsistencies (1) between Li's testimony and her previous statements, including her asylum application, her credible fear interview, and her border interview; and (2) between her testimony and her corroborating evidence.

3

Li's claim that she feared persecution because of her practice of Christianity was found incredible because, while she testified that she had never been in a church before November 2009 (and submitted a letter from her church in New York stating that she began attending in November 2009), her asylum application was signed in September 2009 and stated that she had begun to attend a Christian church.  She also submitted a letter from her mother, dated October 2009, which said that Li had told her she was attending a Christian church.  Li's attempted explanations -- that she had heard of and was interested in Christianity, possibly had gone to religious events, or planned to go to church in the future-- do not compel a reasonable fact-finder to credit her testimony.  *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Regarding her claim that she feared persecution at the hands of her father, her testimony flatly contradicted her border interview, at which she stated that she did not fear persecution in China, but wanted to make money in the United States and bring her parents to the country.  The record of the border interview was in question-and-answer format, typewritten, and initialed by Li on each page.  The border

4

officer explained the purpose of the interview to her, said that legal protection was available to persons who fear persecution in her country, and asked her open-ended questions with the help of a translator. Accordingly, the interview bears the "hallmarks of accuracy and reliability," and the agency did not err in relying on it to find Li incredible. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 181 (2d Cir. 2004).

Li's claim on appeal that she is eligible for CAT relief based on her practice of Christianity is unexhausted, because before the BIA her CAT claim rested on a different factual basis: that she would be tortured for having exited China illegally. The Government argues that we may not consider Li's CAT claim regarding Christianity because she failed to exhaust it. We agree. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007).

Because the only threats to Li's life or freedom depend upon her credibility, the adverse credibility determination is dispositive of her application for asylum and withholding of removal. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Accordingly, we need not consider the agency's alternative finding, that Li had not met her burden of proof even assuming

her credibility. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule, courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk